IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Melissa McMahan, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 8:19-cv-1478-TMC |
| | ) | |
| vs. | ) | |
| | ) | |
| Andrew Saul, Commissioner of Social Security,[1] | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Melissa McMahan ("McMahan") brought this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security ("Commissioner"), denying her claim for Disability Insurance Benefits ("DIB").  (ECF No. 1).  In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., this matter was referred to a magistrate judge for pretrial handling.  Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the Commissioner's decision be affirmed.  (ECF No. 16).  McMahan filed objections to the Report, (ECF No. 24), and the Commissioner replied, (ECF No. 26).  Accordingly, this matter is now ripe for review.

## I.    Background

On July 28, 2015, McMahan filed an application for DIB, alleging she became unable to work on December 30, 2014.  (ECF No. 9-6 at 2–5).  Her claim was denied initially on October 1, 2015, and upon reconsideration on April 5, 2016.  (ECF No. 9-5 at 2–5, 7–10).  McMahan

---

[1] Andrew Saul was sworn in as the Commissioner of the Social Security Administration on June 17, 2019.  Pursuant to Fed. R. Civ. P. 25(d), Saul is substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this action.

requested a review by an administrative law judge ("ALJ"), *id*. at 11, and a *de novo* hearing was held before an ALJ on March 5, 2018, (ECF No. 9-3 at 2–74).

On May 31, 2018, the ALJ denied McMahan's claim, finding her not disabled under the Social Security Act ("SSA"). (ECF No. 9-2 at 11–31). The ALJ found that McMahan suffered from degenerative joint disease, degenerative disc disease, seronegative rheumatoid arthritis, affective disorder, anxiety disorder, attention deficit hyperactivity disorder, and personality disorder, which she found to be severe impairments. *Id*. at 16. The ALJ determined that McMahan's other alleged impairments, including asthma/chronic bronchitis, headaches, COPD, GERD, chronic pelvic pain, endometriosis, restless legs syndrome, nephrolithiasis, hiatal hernia, irritable bowel syndrome, interstitial cystitis, and possible adenomyomatosis, were not severe. *Id*. at 17. Likewise, the ALJ found that McMahan's alleged fibromyalgia was not a medically determinable impairment. *Id*. Based on these findings, the ALJ concluded that McMahan "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id*.

The ALJ then assessed McMahan's residual functional capacity ("RFC") and concluded that, as of the date she was last insured, McMahan could perform light work as defined by 20 C.F.R. § 404.1567(b), with the exceptions of having to change positions once an hour without leaving the workstation or losing production, never climbing, and only occasionally climbing stairs, stooping, crouching, kneeling, or crawling. *Id*. at 20–29. Due to these limitations, the ALJ found that McMahan was unable to perform her past relevant work as a clerk, cashier/stocker, or debt/bill collector, which involved either semi-skilled or skilled, and light or sedentary work. *Id*. at 29. Nonetheless, the ALJ concluded that, based on McMahan's age, education, work experience, and RFC, "there are jobs that exist in significant numbers in the national economy that

[McMahan] can perform," such as production inspector, garment folder, or sorter. *Id*. at 30–31. Thus, the ALJ ruled that McMahan was not disabled within the meaning of the SSA between December 30, 2014, the alleged onset date, and December 31, 2019, the date on which McMahan was last insured, and, therefore, denied her claim. *Id*. at 16, 31.

On April 9, 2019, the Appeals Council declined McMahan's request for review, thereby making the ALJ's decision the final decision of the Commissioner. *Id*. at 2–5. McMahan filed this action for judicial review on May 21, 2019. (ECF No. 1). On April 30, 2020, the magistrate judge issued the Report recommending the court affirm the Commissioner's decision. (ECF No. 16). In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. *See id*. McMahan filed objections to the Report which (1) assert the magistrate judge erred in failing "to take appropriate judicial notice of [McMahan's] definition of sclerosing cholangitis," and (2) reiterate her arguments regarding the significance of three medical records she attempted presented to the Appeals Counsel as later-submitted evidence which she contends should have been construed as new and material evidence warranting a remand for further administrative review. (ECF No. 24 at 1–2). In response, the Commissioner argues that the crux of McMahan's objections is merely her disagreement with the magistrate judge's findings and conclusions and that McMahan's objections set forth the wrong standard for reviewing later-submitted evidence. *See* (ECF No. 26 at 1). This matter is now ripe for review.

## II.     Standard of Review

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance."

3

*Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

## III.    Discussion[2]

The purpose of magistrate review is to conserve judicial resources. *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Thus, although the recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter, *see Matthews v. Weber*, 423 U.S. 261, 270–71 (1976), the court is charged with making a *de novo* determination of only those portions of the Report to which a specific objection is made. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations

---

[2] As an initial matter, the court wishes to remind Plaintiff's Counsel of his duty to conduct himself cordially and respectfully towards members of the Bar and especially towards members of the Bench. The esteemed magistrate judges that serve in the Federal Judiciary in this District are selected pursuant to a rigorous and intensive process and are qualified and authorized to perform their assigned functions pursuant to both 28 U.S.C. § 626 and Local Rule 73.01 (D.S.C.). While the court recognizes that attorneys may often disagree with the recommendation of the magistrate judge, resulting in the necessity to file objections to the magistrate judge's Report, as is their right under Federal Rule of Civil Procedure 72, the court cautions that such objections should remain respectful in tone. Counsel must balance his duty to zealously pursue his client's interest with his duty to conduct himself in the appropriate manner before the Bench and members of the Bar.

to which objection is made."); Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the proposed findings and recommendations." (emphasis added)).  On the other hand, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017).  Thus, "[a] party's objection to a magistrate judge's report must be 'specific and particularized' in order to facilitate review by a district court." *Midgette*, 478 F.3d at 621.

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)).  "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).  Similarly, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections.  *See, e.g.*, *Frazier v. Wal-Mart*, C.A. No. 6:11-1434-MGL, 2012 WL 5381201, at *1 (D.S.C. Oct. 31, 2012) (noting that "almost verbatim restatements of the arguments made in previously ruled upon discovery motions" are not specific objections); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge").  Thus, a *de novo* review is wholly unnecessary for a district court to undertake when a party seeks to rehash

general arguments that were already addressed in a magistrate judge's report.  *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see also Dandy v. Berryhill*, 6:17-cv-331-BHH, 2018 WL 4610757 (D.S.C. Sept. 26, 2018); *Butler v. Berryhill*, No. 4:16-cv-03209-JMC, 2018 WL 1556188, at *1 n.3 (D.S.C. Mar. 30, 2018) ("The court does not need to conduct a de novo review of objections presented in the form of '[complete statements] of arguments already made . . . as these objections never cite specific conclusions of the [report] that are erroneous.'" (quoting *Smith v. City of N. Charleston*, 401 F. Supp. 2d 530, 533 (D.S.C. 2005)).  Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation.  *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

In her first objection, McMahan asserts that the magistrate judge "failed to take appropriate judicial notice of [her] definition of sclerosing cholangitis[.]"  (ECF No. 24 at 2).  However, this argument misinterprets the magistrate judge's analysis of the import of the January 2019 MRI. Contrary to McMahan's assertion, the magistrate judge did not refuse to accept her proffered definition of sclerosing cholangitis; rather, the magistrate judge found that any definition was irrelevant because McMahan was never actually diagnosed with sclerosing cholangitis.  *See* (ECF No. 16 at 18–19).  At most, the January 2019 MRI merely *suggested* that McMahan may have been suffering from early stage sclerosing cholangitis in January of 2019 and, as the magistrate judge correctly noted, "neither [McMahan] nor her counsel is qualified to provide medical opinions based on diagnostic evidence, particularly when nothing in the record connects any physical or mental limitations with the [potential] diagnosis."  *Id*. at 19.  "Indeed, [McMahan] cannot point to any other part of the record showing an *actual* diagnosis of [sclerosing cholangitis] and relies only on [sclerosing cholangitis]-like symptoms" from the relevant time period, specifically her fatigue, from which she suffered long before the January 2019 MRI first suggested

this diagnosis. *Myers v. Astrue*, Civ. A. No. 3:11-cv-1525-RHB, 2012 WL 3029636, at *6 (D.S.C. July 25, 2012) (emphasis in original). Furthermore, as the Commissioner points out, McMahan had been diagnosed with multiple conditions during the relevant time period which could have resulted in her fatigue. (ECF No. 26 at 3 n.2 (citing ECF Nos. 9-2 at 16–29; 9-3 at 27)). It is well-established that the burden lies with McMahan to prove her impairments, and evidence that does no more than suggest a diagnosis which might explain her fatigue during the relevant time period is simply insufficient. *See id.* Accordingly, the court finds that the magistrate judge did not err in rejecting McMahan's definition of sclerosing cholangitis, and this objection is overruled.

In her second objection, McMahan argues that the magistrate judge erroneously concluded that her later-submitted evidence "d[id] not suggest any additional functional limitations or exacerbation of functional limitations found by the ALJ[,]" (ECF No. 16 at 18), and, therefore, did not warrant remanding the matter to the Appeals Council. *See* (ECF No. 24 at 2, 5, 10–15). However, McMahan simply rehashes the arguments already presented in her opening brief—particularly, that the January 8, 2019 hepatic MRI,[3] which suggested early sclerosing cholangitis, was material and suggested an additional limitation of fatigue, contrary to the ALJ's findings. *See* (ECF Nos. 12 at 28–32; 14 at 2–5); *see generally* (ECF No. 24). As district courts in the Fourth Circuit have repeatedly stated, "an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object." *Jesse S. v. Saul*, No. 7:17-cv-00211, 2019 WL 3824253, at *1 (W.D. Va. Aug. 14, 2019); *see also Nichols v. Colvin*, No. 2:14-cv-50, 2015 WL 1185894, at *8 (E.D. Va. Mar. 13, 2015) (finding that the

---

[3] Although McMahan originally sought to submit two additional medical records to the Appeals Council—a Greenville Memorial Hospital Emergency Department record dated March 23, 2018, regarding a foot injury McMahan suffered after kicking her husband in the shin, (ECF No. 9-2 at 48–57), and an ultrasound of McMahan's upper right abdomen, dated December 21, 2018, *id*. at 58–61—McMahan's objections make no reference to either of these records. *See* (ECF No. 24). Accordingly, because McMahan does not object to the magistrate judge's conclusion that these records were not material and the Appeals Council did not err in refusing to consider them, the court limits its discussion to the January 2019 MRI.

rehashing of arguments raised to the magistrate judge does not comply with the requirement to file specific objections). A district court "may reject perfunctory or rehashed objections to R&Rs that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (internal quotation marks omitted). Accordingly, the court need only review the Report and the magistrate judge's recommendations on this issue for clear error. *Dunlap*, 288 F. Supp. 3d at 662.

The SSA regulations allow claimants to submit additional evidence, not presented to the ALJ, as part of their request for review by the Appeals Council. *See* 20 C.F.R. §§ 404.968, 404.970. However, the Appeals Council will review the ALJ's decision only if the additional evidence submitted "is new, material, and relates to the period on or before the date of the hearing decision, and there is a *reasonable probability* that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a)(5); *see also, e.g.*, *Meyer v. Astrue*, 662 F.3d 700, 705 (4th Cir. 2011) (quoting *Wilkins v. Secretary, Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991) ("Evidence is new 'if it is not duplicative or cumulative' and is material if there is 'a reasonable possibility that the new evidence would have changed the outcome.'"); *Giles v. Berryhill*, No. 16-1654, 2017 WL 3530142, at *3 (D.S.C. Aug. 17, 2017) (agreeing with magistrate judge's assessment that remand is unwarranted because "there is no reasonable possibility that [the new evidence] would have changed the ALJ's assessment").

The court agrees with the magistrate judge's lengthy and thorough analysis concluding that the Appeals Council did not err in refusing to consider McMahan's new evidence and that the January 2019 MRI was insufficient to warrant a remand. (ECF No. 16 at 15–20). As the magistrate judge recognized, the Appeals Court need only have reviewed the ALJ's decision if "'there is a reasonably probability that the [January 2019 MRI] would change the outcome of the decision.'"

*Id*. at 15 (quoting 20 C.F.R. § 404.970(a)(5)).  In this case, the magistrate judge found that the ALJ fully considered McMahan's fatigue and the limitations resulting therefrom, such that the January 2019 MRI "does not suggest any additional functional limitations or exacerbation of functional limitations found by the ALJ." *Id*. at 18.  Specifically, the magistrate judge noted that McMahan "merely provided the Appeals Counsel [sic] with MRI results, but with no indication from medical providers about how these results might have translated into functional limitations for [her] or for how long [she] might have experienced such limitations." *Id*. at 19.  Additionally, the magistrate judge found that "nothing in the record connects any physical or mental limitations to the diagnosis" of sclerosing cholangitis suggested by the January 2019 MRI.  *Id*. (citing 20 C.F.R. § 404.1502).  The magistrate judge also noted that the ALJ "considered 'limitations or restrictions imposed by the mechanics of . . . fatigue . . .' in formulating [McMahan's] RFC." *Id*. (quoting (ECF No. 9-2 at 22)).  Therefore, at most, the January 2019 MRI "merely provides a name and a[] [potential] additional reason for the [fatigue] that the ALJ already attributed to [McMahan] and considered fully in evaluating her ability to perform work." *Gadbois v. Colvin*, No. 2:15cv107, 2016 WL 715724, at *2 (E.D. Va. Feb. 17, 2016); *cf. McAbee v. Halter*, 21 Fed. App'x 126, 129 (4th Cir. 2001) (holding that plaintiff's additional evidence of a new diagnosis, which "could be understood to identify a source of [plaintiff's] debilitating, untreatable headaches, was insufficient to warrant a remand because the "new evidence must not only provide an objective medical basis for the headaches, but must also be sufficient, in light of the record, to alter the ALJ's determination as to 'the effect of pain on the claimant's ability to function'").  McMahan herself concedes that, if the court were to accept the exceptions in the ALJ's RFC "as a complete list of her limitations, they would nearly but not quite disable her."  (ECF No. 24 at 3).  Thus, because the January 2019 MRI provides no evidence of any additional limitations during the relevant period which were not

considered already by the ALJ, this later-submitted evidence has no possibility of altering the ALJ's decision and does not entitle McMahan to review by the Appeals Council.  *See* 20 C.F.R. § 404.970(a).

As the magistrate judge concluded, because there is no evidence relating the January 2019 MRI back to the relevant time period, prior to the ALJ's decision on May 31, 2018, "the Appeals Council's decision to decline review was properly made in accordance with the regulations."  (ECF No. 16 at 19); *see also* 20 C.F.R. § 404.970(a).    Accordingly, the court agrees with the Commissioner that McMahan has not demonstrated a reasonable probability that the January 2019 MRI would have affected the ALJ's decision nor has she established any error with respect to the magistrate judge's or the Appeals Council's analysis of additional evidence and, therefore, overrules this objection.  (ECF No. 26).

### IV.    Conclusion

Thus, after a careful and thorough review of the Report and the entire record, the court concurs with both the reasoning and the result reached by the magistrate judge in her Report and finds the Appeals Council properly denied review of the ALJ's decision.  Therefore, the court adopts the Report (ECF No. 16) in its entirety, incorporates the Report herein by reference, and **AFFIRMS** the decision of the Commissioner.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
September 8, 2020

10